GUSTAVUS J. LOWE & another, executors, *vs.* JOHN D. BURR.

Middlesex.    November 16, 1927. — November 17, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Devise and Legacy*, Residuary clause.

A testatrix gave certain legacies under paragraphs in her will preceding a paragraph 9, and in paragraph 9 directed that such legacies should "take precedence to their full amount before all following gifts" in the will. In paragraph 14 she gave $500 each to such of thirty-seven named legatees as should survive her. In paragraph 15 she provided that "in the event that the residue . . . remaining after payment of my debts, funeral expenses and the expense of settling my estate and paying my bequests to paragraph ninth shall be insufficient to pay all the foregoing legacies in full," there should be a *pro rata* division for payment of all legacies after paragraph 9. The sixteenth paragraph provided that in the event that such residue should "be more than sufficient to pay all the foregoing legacies in full then in such event I direct my executors hereinafter named to apply said residue or surplus to the payment of such proportion of each and all of the foregoing legacies named in paragraph Fourteenth, as the balance divided pro rata shall be sufficient for." *Held*, that paragraph 16 was a true residuary clause and that a balance left after payment of all debts, charges of administration and legacies should be divided equally among those named in paragraph 14 who survived the testatrix.

PETITION, filed in the Probate Court for the county of Middlesex on November 21, 1926, by the executors of the will of Mary E. Shaw, for instructions.

The petition was heard by *Leggat*, J., a stenographer having been appointed under G. L. c. 215, § 18, to take the evidence. Besides the facts stated in the opinion, it appeared that the testatrix gave certain legacies in paragraphs of her will preceding paragraph 9, and in paragraph 9 provided that such legacies should "take precedence to their full amount before all following gifts of" the will. The fifteenth paragraph of the will read as follows:

"Fifteenth: In the event that the residue of my estate remaining after payment of my debts, funeral expenses and the expense of settling my estate and paying my bequests to paragraph ninth, shall be insufficient to pay all of the foregoing legacies in full, then in such event I direct my executors hereinafter named to apply said residue to the payment of such proportion of each and all of the foregoing legacies after paragraph ninth as the balance divided pro rata shall be sufficient for."

Other material facts are stated in the opinion. By order of the judge a decree was entered "that said article 'Sixteenth' constitutes a valid residuary clause and said petitioners are hereby instructed to distribute the residue of the estate of said deceased to the persons named in the article designated 'Fourteenth' who survived the testatrix."

James D. Burr, one of the heirs at law and next of kin of the testatrix, appealed.

*E. H. Hadley & I. A. Hadley*, for John D. Burr, submitted a brief.

*A. L. Taylor*, (*E. C. Parks* with him,) for X. Allen Reed and others.

*L. K. Clark*, for Susan H. White and for Howard B. White and others.

*T. L. Wiles & U. D. Garfield*, for Alice Gerry Young, submitted a brief.

*E. A. MacMaster*, for Harry W. Bragdon and another, submitted a brief.

BY THE COURT. The will of Mary E. Shaw disposed of an estate largely in excess of the debts, charges of administration and legacies of definite amounts. Having given numerous legacies by earlier clauses, by the fourteenth

clause of her will she gave legacies of $500 each to such of thirty-seven named legatees as should be living at the time of her decease.   The sixteenth clause was in these words: "In the event that the residue of my estate remaining after payment of my debts, funeral expenses and the expense of settling my estate shall be more than sufficient to pay all the foregoing legacies in full then in such event I direct my executors hereinafter named to apply said residue or surplus to the payment of such proportion of each and all of the foregoing legacies named in paragraph Fourteenth, as the balance divided pro rata shall be sufficient for." It is too plain for discussion that this constitutes a true residuary clause and that it distributes all the residue of the estate equally among such of the legatees named in the fourteenth clause as may have survived the testatrix.

*Decree affirmed.*